IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW CONDON,<br><br>             **Petitioner,**<br><br>v.<br><br>ANTHONY WILLS,<br><br>             **Respondent.** | Case No. 3:23-CV-3747-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Andrew Condon, an inmate of the Illinois Department of Corrections currently housed at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). Condon filed an amended petition on December 12, 2023. (Doc. 10). The case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

In 2015, a jury convicted Condon of first degree murder, and an Illinois circuit court sentenced Condon to 50 years in prison. (*Id.* at p. 35). The Illinois Court of Appeals denied Condon's direct appeal, *People v. Condon,* 2018 IL App (3d) 150793-U, 2018 WL 2120635 (May 8, 2018), the Illinois Supreme Court denied his petition for leave to appeal, *People v. Condon*, 111 N.E.3d 953 (Ill. 2018), and the United States Supreme Court denied his petition for writ of certiorari, *Condon v. Illinois*, 140 S. Ct. 271 (2019).

Condon then filed a state court petition for postconviction relief, which was dismissed by the state circuit court. *See People v. Condon*, 2022 IL App (3d) 200344-U, 2022

WL 4285742 (Sept. 16, 2022). Condon filed a motion for rehearing and to vacate the judgment, as well as a motion for leave to file an amended postconviction petition, which were also denied. *Id.* The Illinois Court of Appeals affirmed the dismissal of Condon's petition, *id.*, and on May 24, 2023, the Illinois Supreme Court again denied Condon's petition for leave to appeal, *People v. Condon*, 214 N.E.3d 102 (Ill. 2023).

Condon now seeks federal habeas corpus relief under 28 U.S.C. § 2254, alleging six grounds for relief including ineffective assistance of counsel, prosecutorial misconduct, and a denial of due process. (Doc. 10). The Court has reviewed the petition and finds it is not plainly apparent that Condon is not entitled to relief. Accordingly, the Court **ORDERS** Respondent Anthony Wills to answer or otherwise plead on or before **January 12, 2024**. This preliminary order does not preclude Respondent from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Condon's second Motion for Leave to Proceed *in forma pauperis* (Doc. 11) is **DENIED as moot**. Condon's first motion to proceed *in forma pauperis* was denied because he had sufficient funds in his trust fund account to pay the filing fee (Doc. 7), and Condon paid the $5.00 fee in full on December 11, 2023.

Finally, Condon is **ADVISED** of his continuing obligation to keep the Clerk of Court and the opposing party informed of any change of address during the pendency of this action. This notification must be done in writing and no later than **14 days** after a transfer or other change in address occurs. Failure to provide notice may result in

dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   December 13, 2023

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**